IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORRINE HERROD**                                                                     **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 4:20-CV-73-DAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner of the**
**Social Security Administration1**                                    **DEFENDANT**

## ORDER DIRECTING PAYMENT OF ATTORNEY FEES

Corrine Herrod filed this civil action on April 29, 2020, appealing the Commissioner's denial of disability benefits. On April 2, 2021, the undersigned entered a report and recommendation that the Commissioner's decision should be reversed, and the case remanded for further action. The court adopted the report and recommendation and entered its order reversing the decision and remanding the case on August 3, 2021. This court granted plaintiff an award of EAJA attorney's fees totaling $ 5,352.90.

Counsel for plaintiff has now moved for attorney's fees under 42 U.S.C. § 406(b)(1). The plaintiff was successful on remand in obtaining an award of past-due benefits and her attorney seeks an award of attorney's fees for services performed in this court. The Social Security Commission has withheld twenty-five percent of the past-due benefits or a total of $ 19,172.00. The plaintiff seeks additional fees for federal court representation in the amount of $ 13,819.10, offsetting the prior EAJA fee award. With the combination of the current request

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. The Clerk of the Court is directed to change the docket accordingly.

and the previously awarded EAJA fees, the total fees equal represent twenty-five percent of the total back pay due the client. With the proposed offset of EAJA fees, the amount previously collected would be released directly to the plaintiff through the Commissioner.

The Commissioner points out that the court must determine if the claim for the full twenty-five percent fee is a reasonable fee. The Commissioner takes no position on the proposed offset. The motion for fees, filed within days of the notice of award, is timely.

**Reasonableness of Fee Request**

Under § 406(b), when a court "renders a judgment favorable to a claimant, who was represented before the court by an attorney, "the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469, 263 Soc.Sec.Rep.Serv. 358 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)). "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) citing *Giesbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

The court now considers whether the amount requested is reasonable. The plaintiff contracted to provide her attorney twenty-five percent of the back-payment benefits. The contract provides that the attorney would receive any award of EAJA fees. The parties also contracted, in the event of an EAJA award and an attorney fee from past-due benefits, that the plaintiff would be credited or refunded the lesser of the two fees.

Herrod's attorney requests a total of $ 13,819.10 from fees withheld from the agency from plaintiff's past-due benefits. The total fee award is therefore $ 19,172.00 for 26.25 hours

work. This yields an effective hourly rate of $ 730.36. This hourly rate is certainly higher than the average hourly rate for Mississippi attorneys for non-contingent hourly charges.[2] The fact of a contingency agreement warrants an enhanced fee.

> Attorneys who take cases on contingency thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time value of money and the risk of non-recovery usually borne by the clients in cases where lawyers are paid an hourly rate.
>
> *Hensley v.Eckerhart*, 461 U.S. 424, 448-449 (1983)(Brennan J., concurring).

Plaintiff's counsel specializes in the representation of Social Security claimants and has provided her client with prompt, successful representation in this court. There is always substantial risk of loss in Social Security appeals due to the "substantial evidence" standard for review. *Jeter v. Astrue*, 622 F.3d 371, 379, n. 9 (5th Cir. 2010). Furthermore, even when successful, counsel may work on a case for years before seeing any compensation. In this case counsel's law firm represented the claimant beginning not later than March 13, 2019, working and waiting until after the court's August 19, 2021 order to get any compensation, and has waited and another two years for full compensation for the federal court representation. Considering the difficulty and complexity involved in Social Security appeals and the above factors, the court finds that the requested fee is reasonable.

**IT IS, THEREFORE, ORDERED**, that the Commissioner of the Social Security Administration shall pay attorney fees in the amount of $ 13,189.10 to plaintiff's counsel, as the net award for court representation, payable from and limited to the amount of the withheld past due benefits, deducting the administrative fees from this award. The sum of $5,352.90,

---

[2] More than fifty percent of Mississippi attorneys reported their regular hourly rate was between $200 and $300 dollars per hour. At the high end about just over 6% reported hourly rates of $400 dollars or more according to the 2022 Mississippi Bar Association Economic survey.

representing the previously awarded EAJA fee shall be disbursed to the plaintiff from the withheld past due benefits.

    **SO ORDERED** this the 13th day of September, 2023.

                                                <u>**/s/ David A. Sanders**</u>
                                                **U.S. MAGISTRATE JUDGE**